**PATRICIA A. SUMNER**
Trial Attorney
U.S. Department of Justice
601 D Street NW, 5th Floor
Washington, DC 20530
Telephone: (202) 616-4719
Facsimile: (202) 514-8336

**Attorney for the United States**

<br>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | STIPULATION TO CONTINUE |
| | ) | DEADLINE FOR |
| | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTIONS |
| v. | ) | (First Request) |
| | ) | |
| MELISSA HACK, | ) | |
| | ) | |
| Defendant. | ) | 2:10CR414-GMN |
| | ) | |

### STIPULATION AND ORDER TO EXTEND DEADLINE FOR GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS

IT IS HEREBY STIPULATED AND AGREED by and between the Defendant, MELISSA HACK, by and through her counsel, E. Brent Bryson, Esq. of the law offices of E. Brent Bryson, Ltd., and the Plaintiff, the United States of America, by and through its attorney, Patricia A. Sumner, that the deadline for the government's responses to the Defendant's motions currently scheduled for September 29, 2011, be vacated and

extended to October 13, 2011, a date mutually agreeable to the parties; and that the deadline for the Defendant's replies to the government's responses be extended until five days thereafter on October 18, 2011.

       This Stipulation is entered into for the following reasons:

       1.  Government counsel's work schedule currently involves traveling four days per week on case-related matters, including travel to Las Vegas to work on this case. Due to conflicts in this work schedule, government counsel is unable to prepare adequate responses and government counsel needs additional time to respond to the Defendant's motions.

       2.  The Defendant does not object to this continuance.

       This is the government's first request for an extension of time to respond to the Defendant's motions.

       DATED this 29th day of September, 2011.

                                       DANIEL G. BOGDEN
                                       United States Attorney

                                     _____\\s\\_____
                                     Patricia A. Sumner
                                     Trial Attorney
                                     U.S. Department of Justice
                                     Civil Rights Division
                                     601 D Street NW
                                     Washington, DC 20530
                                     (202) 616-4719

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10CR414-GMN |
| | ) | |
| MELISSA HACK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Based upon the pending stipulation of counsel and good cause appearing therefore, the Court finds that:

1. The Defendant, Melissa Hack, is not incarcerated and does not object to the government's request for an extension of time to file its responses to the Defendant's motions.

2. That government counsel's work schedule, including travel to places around the country four days per week, does not permit government counsel with adequate time to prepare the government's responses to the Defendant's motions.

3. That it is in the interests of justice to allow counsel for the government sufficient time to adequately prepare responses to the Defendant's motions, and to allow the Defendant sufficient time to adequately prepare replies to the government's responses and that a miscarriage of justice may occur if the deadline is not extended, taking into account the exercise of due diligence.

4. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code Sections 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

5. This is the first request for an extension of the deadline for the government's responses to the Defendant's motions.

For all of the above-stated reasons, the ends of justice would best be served by an extension of the deadline for the government's responses to the Defendant's motions and an extension of the Defendant's deadline for replies to the government's responses.

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

1. The ends of justice served by granting said continuance outweigh the best interest of the public and the Defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity with which to be able to effectively and thoroughly respond to the Defendant's motions and the government's responses, taking into account the exercise of due diligence.

2. The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code Sections 3161(h)(7)(B)(i), 3161(h)(B)(7)(ii), and 3161(h)(7)(B)(iv).

## ORDER

Based upon the Stipulation of the parties, and good cause appearing therefore;

IT IS HEREBY ORDERED that the government's responses to the Defendant's motions must be submitted to the Court by October 13, 2011.

IT IS FURTHER HEREBY ORDERED that the Defendant's replies to the government's responses to the Defendant's motions must be submitted to the Court by October 18, 2011.

**DATED** this 3rd day of October, 2011.

_____
Gloria M. Navarro
United States District Judge